# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

SUSI EMERITA PELKA, as surviving spouse and personal representative of the Estate of JEFFREY DAVID PELKA, Deceased,

    Plaintiff,

v.

WARE COUNTY, GEORGIA, et al.,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-108

## **O R D E R**

Plaintiff filed a Complaint pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. (Doc. 1, p. 13.) On January 17, 2017, Defendants Ware County, Georgia, Randy F. Royal, Danny Christmas, Jeffery Nichols, Belenda McElroy, Dwayne Howell, Donny Spradley, James Sowell, James Aldridge, Nathaniel Roberts, Michael Dean, Joshua Rylee, Gary Simmons, Hubert Ryals, and James Lee ("Movants" or "the Ware County Defendants") filed a Motion to Dismiss and their Answer. (Docs. 47, 49.) Movants also moved to stay discovery in this case until their Motion to Dismiss is resolved. Plaintiff filed a Response opposing Movants' Motion to Stay. (Doc. 53.) Movants filed a Reply. (Doc. 54.)

Upon careful consideration, the Court **GRANTS in part and DENIES in part** Movants' Motion to Stay. (Doc. 48.) Discovery shall proceed amongst the parties, but only on a limited basis. The parties shall provide initial disclosures, as required by Federal Rule of Civil Procedure 26(a)(1). Additionally, the Court will permit the parties to proceed with requests for production of documents and things under Federal Rule of Civil Procedure 34. Additionally, Plaintiff may pose interrogatories, under Federal Rule of Civil Procedure 33, to those Defendants

who have not moved to dismiss claims against them, and those Defendants may pose interrogatories to Plaintiff. However, the parties shall not conduct any depositions at this time, and Plaintiff may not pose any interrogatories to any Defendant that has moved to dismiss.

The parties shall confer within **seven (7) days** of this Order and shall file their Rule 26(f) Report within **seven (7) days** of the Rule 26 conference. At this conference, the parties shall develop a discovery schedule for the limited discovery outlined above. The Court will issue a scheduling order for this limited discovery after receipt of the parties' Rule 26(f) Report.

## BACKGROUND

In her Complaint, which was filed on December 11, 2016, Plaintiff maintains that her husband's parole was revoked after a hearing in the Wayne County Municipal Court on December 12, 2014. (Doc. 1, p. 14.) Plaintiff's husband was taken into custody by an officer or officers of the Ware County Sheriff's Office and/or of Ware County, Georgia, and was housed at the Ware County Jail. (Id.) Plaintiff has sued private and governmental defendants in this action. Plaintiff maintains that her husband had in place existing prescriptions for methadone, oxycodone, and tenoretic, and his medical conditions were well-known to staff at the Jail. However, Plaintiff asserts her husband was unable to get his medications due to a policy in place at the Jail which required the staff doctor to approve prescriptions. In addition, this policy also established that an inmate who was housed on a Friday, such as her husband, would not be able to see the doctor for such approval until the following Tuesday. (Id. at 17.) Plaintiff's husband was pronounced dead on Monday, December 15, 2014, after being denied medical care and treatment for his serious medical needs at Ware County Jail. (Id. at 29.)

Defendant City of Waycross filed a Motion to Dismiss on January 3, 2017, alleging that Plaintiff's claims against it should be dismissed because she cannot recover damages against a

municipality, Plaintiff cannot sustain a Section 1983 claim against it, and it breached no duty of care owed to Plaintiff's husband. (Docs. 42, 42-1.) On January 17, 2017, the Ware County Defendants filed their Motion to Dismiss and their Motion to Stay Discovery. (Docs. 47, 48.) Movants contend Plaintiff's claims against them should be dismissed because: Defendant Ware County, Georgia, is not liable for law enforcement activities of the Sheriff; Ware County, Georgia, is entitled to sovereign immunity under Georgia law; Plaintiff fails to state a claim against Defendants Ware County, Georgia, and Sheriff Royal in his official capacity based on alleged failure to provide medical care; Defendants Royal and Christmas are entitled to Eleventh Amendment immunity and are not "persons", in their official capacities, subject to suit; the Movants are entitled to dismissal of Plaintiff's deliberate indifference to serious medical needs claims, as Plaintiff failed to sufficiently plead such claims; Plaintiff fails to allege sufficiently excessive force claims; the Movants are entitled to qualified immunity in their individual capacities; and Plaintiff's punitive damages claims fail. (Doc. 47-1.) Plaintiff filed her opposition to Movants' Motion to Stay on January 31, 2017. (Doc. 53.) Movants filed a Reply. (Doc. 54.)

## DISCUSSION

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

However, courts typically base the stay of discovery on a finding that the dispositive motion could dispose of the entire case or significantly alter the scope of discovery. "'A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. In this regard, the Court must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" Massey v. Fed. Nat'l Mortg. Ass'n, No. CV412-102, 2012 WL 3685959, at *1 (S.D. Ga. Aug. 24, 2012) (quoting McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

The Court has been able to take a "preliminary peek" at the pending Motions to Dismiss certain of Plaintiff's claims. This review indicates that, although discovery in this case should be limited at this time, it should not be stayed entirely pending resolution of these Motions to Dismiss. Movants note in their Reply that discovery should be stayed until a qualified immunity defense is decided. (Doc. 54, p. 2.) In addition, Movants assert this Court "routinely" stays discovery pending resolution of motions to dismiss filed on immunity grounds. (Id. at p. 4

4

(citing cases).) Movants also argue that a "partial stay is no stay at all." (Id. at p. 5.) However, in the cases cited by Movants in support of this position, the proposed partial stays were partial in the sense of the parties to which the stays applied, not the discovery measures that were available. In other words, under the partial stays proposed in those cases, the plaintiffs could have still deposed non-stayed defendants and third parties. The stayed defendants' lawyers would, of course, have to expend time and resources participating in those depositions.

In contrast, in this case, the Court has fashioned relief whereby, at this time, the Movants will be saved the considerable expense of preparing for and participating in depositions. Additionally, they will not have to answer interrogatories. Movants will have to produce documents. However, as Plaintiff correctly notes, Movants will have to undergo this effort regardless of the outcome of their Motion to Dismiss. Even if the Court grants the Movants' Motion to Dismiss, Plaintiff's claims against other Defendants will proceed, and the Movants will be subjected to third party discovery, including subpoenas for pertinent documents. Thus, under this balanced approach, the Movants will receive the protections of their immunity defenses, while Plaintiff will still be able to timely begin to obtain the discovery she needs to prosecute her claims.

**CONCLUSION**

The Court **GRANTS in part and DENIES in part** Movants' Motion to Stay. (Doc. 48.) Discovery shall proceed amongst the parties, but only on the limited basis set forth herein. The parties shall confer within **seven (7) days** of this Order and shall file their Rule 26(f) Report within **seven (7) days** of the Rule 26 conference.

This ruling does not affect Plaintiff's obligation to file a response to the Motions to Dismiss.

**SO ORDERED**, this 3rd day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA