IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

SUSI EMERITA PELKA, as the
Surviving Spouse and Personal
Representative of the Estate of
JEFFERY DAVID PELKA, Deceased,

    Plaintiff,

    v.                                CV 516-108

CITY OF WAYCROSS, GEORGIA,
et al.,

    Defendants.

**O R D E R**

Before the Court is Defendant City of Waycross, Georgia's Bill of Costs (Doc. 136) and Plaintiff's Motion for Continuance of Taxing of Costs (Doc. 140). On March 21, 2019, Defendant filed a Bill of Costs seeking $5,164.71, pursuant to Federal Rule of Civil Procedure 54(d). (Doc. 136.) The day before, however, Plaintiff filed a Notice of Appeal to the Eleventh Circuit seeking review of this Court's September 29, 2018 Order dismissing her claims against Defendant. (Doc. 134.) Because of the pending appeal, Plaintiff moves to continue the taxing of costs until after the Eleventh Circuit rules.

## A. Plaintiff's Motion to Continue

The Court is vested with discretion to continue the taxing of costs until a pending appeal is resolved. See Estate of Pidcock By and Through Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1341 (S.D. Ga. 1989) (granting a continuance while the case was on appeal "in the interests of judicial economy"); Terrell v. Paulding Cty., 2012 WL 12898009, at *1 (N.D. Ga. Mar. 5, 2012) (denying a continuance to avoid the "possibility of a piecemeal appeal"). Other courts have recognized that promptly ruling on a bill of costs avoids piecemeal appeals and thereby promotes judicial economy. See In re Text Messaging Antitrust Litig., 2014 WL 4343286, at *1 (N.D. Ill. Sept. 2, 2014) (prompt action on a bill of costs allows the issue to "be consolidated with the appeal on the merits and heard at the same time"); Allen v. City of Chi., 2016 WL 1070828, at *2 (N.D. Ill. Mar. 16, 2016). Finally, a notice of appeal does not deprive the Court of jurisdiction to tax costs. See Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 64 (11th Cir. 1982).

The Court finds that delaying the taxing of costs until after resolution of Plaintiff's appeal would not promote judicial economy. Rather, it would open up the possibility of a piecemeal appeal and further prolong this litigation. Accordingly, Plaintiff's motion to continue taxing costs is denied.

## B. Defendant's Bill of Costs

Federal Rule of Civil Procedure 54(d) allows the Court to award costs to the prevailing party. The costs that may be taxed against a non-prevailing party are defined in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The power to tax costs pursuant to Rule 54(d) is not an expansive one; rather, "absent explicit statutory or contractual authorization . . . federal courts are bound by the limitations set out in . . . 28 U.S.C. § 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Consequently, the Court may not tax any cost unless it falls within one of the categories enumerated by the statute. Id. While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001).

The non-prevailing party bears the burden to demonstrate that a cost is not taxable, unless the information regarding the

3

proposed cost lies within the exclusive knowledge of the prevailing party. Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1257-58 (S.D. Fla. 2013). While the burden is on the non-prevailing party to show a cost is not taxable, the prevailing party must still submit a request for costs that enables the court to determine what costs were incurred and whether they may be taxable. Id.

Here, Defendant requests $5,164.71 in costs; $4,998.21 for deposition transcript fees charged by the court reporter and $166.50 for printing and copying fees. (Bill of Costs, Doc. 136; Invoices, Docs. 136-2, 137.) Plaintiff filed an Objection to Defendant's Bill of Costs (Doc. 140), but her Objection does not dispute the amount of costs sought or provide any reasons why certain costs should not be awarded. Instead, Plaintiff simply asks the Court to delay ruling on the Bill of Costs until after the Eleventh Circuit resolves her appeal.

Defendant's transcript fees are comprised of the court reporter's charges for nineteen depositions, all of which were of other Defendants in the case.[1] While each of these depositions were noticed by Plaintiff, that does not prevent Defendant from

---

[1] Those Defendants are: Peter Wrobel, M.D.; James Sowell; Hubert Ryals; Gary Simmons; Jeffery Nichols; Belenda McElroy; Donny Spradley; Danny Christmas; Sheriff Randy Royal; Johnny Lee Jones, Jr.; Susan Martin; Kristy White; Lynn Streat; Sharon Ray; Dwayne Howell; James Lee; James Aldridge; Nathaniel Roberts; and Michael Dean.

recovering the costs of acquiring a copy of the transcript, so long as it was "necessarily obtained for use in the case." 28 U.S.C. § 1920(3); see also Daugherty v. Westminster Sch., Inc., 174 F.R.D. 118, 124-25 (N.D. Ga. 1997).

The Court finds that each of these deposition transcripts were necessarily obtained for use in the case, even though none of the transcripts were used in a motion or at trial. The relevant standard is whether they were necessary at the time Defendant obtained the transcripts. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (deposition costs are recoverable if "related to an issue which was present in the case at the time the deposition was taken" (internal quotation omitted)); see also Joseph, 950 F. Supp. 2d at 1258 ("A deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." (quoting George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 994 (N.D. Ga. 1982))).

At the time Defendant obtained the transcripts, it was expecting to use them in a motion for summary judgment. Such a motion only became unnecessary months after Defendant obtained the transcripts because the Court reversed its prior decision to deny Defendant's motion to dismiss. (See Order of Sept. 11, 2018, Doc.

5

130, at 11.) Further, the transcripts were not from the depositions of obscure or largely irrelevant witnesses; each transcript was for a named Defendant in the case. See W&O, Inc., 213 F.3d at 621. For these reasons, Defendant is entitled to $4,998.21 in deposition transcript fees.[2]

The Court also finds that the $166.50 in printing and copying costs were related to materials necessary for the case. Defendant seeks $36.50 for printing one copy of the pleadings in this case and $130.20 for printing seven copies of Defendant's discovery responses. Seven copies of the discovery responses were necessary to ensure each counsel's office had a printed copy. Also, Defendant used a reasonable rate of $0.15 per page.

Accordingly, the Court **OVERRULES** Plaintiff's Objection (Doc. 140) to Defendant's Bill of Costs (Doc. 136). The Clerk is **DIRECTED** to tax costs in the amount of $5,164.71 against Plaintiff. Finally, Plaintiff's Motion for Continuance of the Taxing of Costs (Doc. 141) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of May, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The court reporter's fees for shipping and for deposition exhibits are also recoverable. See Denton v. DaimlerChrysler Corp., 645 F. Supp. 2d 1215, 1227 (N.D. Ga. 2009).